UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                  :
ESAIAS J. TUCKER,                 :
                                  :
          Petitioner,             :    Civ. No. 18-9183 (NLH)
                                  :
     v.                           :    OPINION
                                  :
WARDEN,                           :
                                  :
          Respondent.             :
_____:

APPEARANCES:

Esaias J. Tucker
21683-017
FCI Bennettsville
P.O. Box 52020
Bennettsville, SC 08640

     Petitioner Pro se

Craig Carpenito, United States Attorney
Jessica R. O'Neill, AUSA
Office of the U.S. Attorney
401 Market St., 4th Floor
Camden, NJ 08101

     Counsel for Respondent

HILLMAN, District Judge

     Petitioner Esaias Tucker, a/k/a "Scoo Boo," a prisoner

presently confined at FCI Bennettsville, South Carolina,[1] filed

this petition for writ of habeas corpus under 28 U.S.C. § 2241,

arguing that his sentence is invalid in light of Mathis v.

_____

[1] Petitioner was confined in FCI Fort Dix, New Jersey when he
filed this petition.  The Court retains jurisdiction in spite of
Petitioner's transfer.

United States, 136 S. Ct. 2243 (2016).  ECF No. 1.  Respondent
filed a motion to dismiss arguing that the Petition should be
dismissed for lack of jurisdiction.  ECF No. 9.  Petitioner did
not file opposition to the motion to dismiss.  The Motion is now
ripe for disposition.  For the reasons that follow, the Court
will grant the motion to dismiss.

I.  BACKGROUND

Petitioner was arrested and charged in the United States
District Court for the Northern District of Florida with
conspiracy to distribute crack cocaine, 18 U.S.C. §§
841(b)(1)(A)(ii)-(iii), and distribution of crack cocaine, 18
U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)-(iii).  United States v.
Tucker, No. 4:12-cr-00046 (N.D. Fl. July 10, 2012) (ECF No. 1).
Petitioner pled guilty to these charges on October 30, 2012.
Tucker, No. 4:12-cr-00046 (N.D. Fl. July 10, 2012) (ECF No. 18).

Petitioner was sentenced on January 29, 2013.  Tucker, No.
4:12-cr-00046 (N.D. Fl. Jan. 29, 2013) (ECF No. 25).  The
"sentencing court determined that Petitioner was subject to a
mandatory minimum sentence of 20 years of incarceration based on
a prior conviction in the Florida state court for a drug
offense.  Petitioner's counsel did not object to the use of that
prior conviction at sentencing."  ECF No. 9-1 at 6; ECF No. 9-2
at 6-8.  "[T]he sentencing court found that Petitioner was
subject to a statutory sentencing enhancement, increasing the

2

mandatory minimum sentence from 10 years to 20 years." ECF No. 9-1 at 6. The guideline range was adjusted from 168-210 months to the mandatory minimum 240 months. ECF No. 9-2 at 8. Petitioner was sentenced to 240 months on each count to run concurrently. Tucker, No. 4:12-cr-00046 (N.D. Fl. Jan. 30, 2013) (ECF No. 26). "Petitioner did not file a direct appeal or a petition under 28 U.S.C. § 2255 challenging any portion of his sentence." ECF No. 9-1 at 6.

Petitioner filed this habeas corpus petition under 28 U.S.C. § 2241 on May 14, 2018. ECF No. 1. He argues that his sentence is invalid after the Supreme Court's Mathis decision because his prior Florida state conviction for possession of cocaine is not a "felony drug offense." ECF No. 1 at 4

Respondent United States now moves to dismiss the petition based on a lack of jurisdiction under § 2241. ECF No. 9. It argues the claims raised in the petition may only be brought in a § 2255 proceeding and that Petitioner does not qualify for the savings clause of § 2255(e). Petitioner did not file opposition to the motion.

II.  DISCUSSION

    A.  Legal Standard

    Title 28, Section 2243 of the United States Code provides in relevant part as follows:

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002).

B.  Analysis

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). A challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Jackman v. Shartle, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)). "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Snyder v. Dix, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); see also In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).

4

Petitioner does not argue that he is innocent of the drug offenses to which he pled guilty.  Instead, he asserts that he no longer qualifies as a career offender due to an intervening Supreme Court decision.  This claim does not fall within the Dorsainvil exception.  See United States v. Brown, 456 F. App'x 79, 81 (3d Cir. 2012) (per curiam) (holding prisoner not entitled to proceed under § 2255's "safety valve" when he "makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender") (internal citation omitted), cert. denied, 133 S. Ct. 201 (2012).

Moreover, prisoners in the Third Circuit may use § 2241 to challenge their convictions only after two conditions are satisfied: (1) there must be "a claim of actual innocence on the theory that [the prisoner] is being detained for conduct that has subsequently been rendered non-criminal . . . in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review," and (2) "the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.'"  Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013)).  "It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial §

2255 motion.  What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued."  Id.

Petitioner could have raised this argument in a § 2255 motion before the sentencing court.  Petitioner has never filed a § 2255 motion; therefore, he is not subject to the restrictions on second or successive motions under § 2255(h). Assuming without deciding that Mathis is "retroactively applicable to cases on collateral review," the statute of limitations to file a § 2255 motion based on Mathis would have expired on June 23, 2017, one year after Mathis was decided.  28 U.S.C. § 2255(f)(3).  "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."  Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).  Accordingly, the Court lacks jurisdiction over the petition under § 2241.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."  28 U.S.C. § 1631.  The Court declines to transfer this action as Petitioner appears to be out of time to file this

claim under § 2255.  Nothing in this opinion, however, should be construed as prohibiting Petitioner from filing a motion in the sentencing court in the Northern District of Florida on his own should he so choose.

III. CONCLUSION

For the foregoing reasons, the motion to dismiss for lack of jurisdiction the petition brought pursuant to 28 U.S.C. § 2241 will be granted.  An appropriate order will be entered.


Dated:  May 27, 2020           s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.